**STEWART LEE KARLIN LAW GROUP, P.C.**
**ATTORNEYS AT LAW**
**111 John Street, 22ⁿᵈ Floor**
**New York, New York 10038**
**(212) 792-9670/Office**
**(844) 636-1021/Fax**
slk@stewartkarlin.com

April 7, 2023

**Via E.C.F.**
Honorable Joan M. Azrack
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

**Re:     Medina v. Elmont Union Free School District**
**23-CV-01231 (JMA)(JMW)**

Dear Judge Azack:

We represent Plaintiff Ann Marie Medina in this matter, in which she asserts claims under the Americans with Disabilities Act, 42 U.S.C. § 12101 and New York State Human Rights Law, N.Y. Exec. Law § 296, alleging the failure to accommodate her disability and engage in an interactive process. (Compl. ¶¶ 28-30, 32-37.)  Defendant has submitted a pre-motion letter in anticipation of filing a partial motion to dismiss, alleging that Plaintiff's second and fourth causes of action fail to state a claim. It is alleged that  neither federal nor state law recognizes an independent cause of action for failing to engage in an "interactive process." Plaintiff agrees regarding the Second Claim for Relief pursuant to the A.D.A. and thus withdraws that claim. It should be noted that a failure to engage in a sufficient interactive process where accommodation is possible may constitute prima facie evidence of disability-based discrimination. See *McBride v. Bic Consumer Products Mfg. Co., Inc*., 583 F.3d 92 (2nd Cir., 2009), *Barnett v. U.S. Air, Inc*., 228 F.3d 1105,1116 (9th Cir. 2000) (en banc), rev'd on other grounds, 535 US 391, 122 S.Ct. 1516, 152 L.Ed.2d 589 (2002). However, Plaintiff disagrees that the NYSHRL interactive claim does not state a claim for relief due to the recent amendments to the law.

The Complaint sets forth the following pertinent allegations. Ms. Medina was a full-time Food Service employee at Dutch Broadway Elementary School. She has been diagnosed with a posterior and exterior bladder condition that has required multiple surgeries. Due to this medical condition, she is restricted from lifting more than eight pounds. (Complaint ¶ 8) Ms. Medina requested a reasonable accommodation. She submitted the appropriate medical documentation. However, on February 17, 2022, the District (belatedly) denied her reasonable accommodation request. The February 17, 2022, denial letter states in relevant part: "The position you hold requires you to perform "various tasks involved in the preparation and serving of food ... " and "related duties as required." The food is prepared in bulk, thus, for example, when canned vegetables or canned

1

sauce are part of the food to be served, the food comes in #10 cans with six cans per case. The weight of the case is approximately 30-40 pounds. If a Food Service Worker (FSW), your title, is unable to lift the cans, she is unable to perform the duties of the job. Lifting boxes of cans, trays of food, etc., is an integral part of the FSW's job responsibilities. Your inability to lift items that exceed eight pounds in weight renders you unable to perform a fundamental element of the FSW position." (Complaint ¶ 9)

Ms. Medina has been employed for over ten years and has been an outstanding employee with no performance issues. The job description is to prepare and serve lunch and cashier responsibilities. There is no weigh tlifting requirement in the job description because no such need exists. In addition, many other FSW female employees (mostly older FSWs such as Elise, Grace, Lee, and Cindy-last names unknown) cannot lift thirty to forty-pound cases, and take out the cans individually. Thus, with some minor adjustments, it is clear that all of these employees make adjustments so that there is no heavy lifting in their position. Further, other positions do not involve any lifting, such as preparing lunch, putting meals in brown paper bags, serving breakfast, preparing salad and fruit cups, cashiering, serving breakfast, preparing salads, and other jobs. (Complaint ¶ 10-14) Under the Human Rights laws, the District is required to make timely, reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability unless the accommodation would impose an undue hardship on the operation of the District. (Complaint ¶ 15-16)  Defendant has failed to accommodate Plaintiff and failed to properly engage in the interactive process with her. Plaintiff has suffered loss of pay and benefits, pain and suffering and damage to her reputation. (Complaint ¶ 21-22)

In August 2019, the NYSHRL was amended. Among the changes was a revision of the law's construction provision:

> "The provisions of this article shall be construed liberally for the accomplishment of the remedial purposes thereof regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of this article, have been so construed. Exceptions to and exemptions from the provisions of this article shall be construed narrowly in order to maximize deterrence of discriminatory conduct. L 2019, ch 160, § 6 (new language emphasized); Executive Law § 300."

This amendment went into effect on August 12, 2019, before the events alleged in the Complaint and the commencement of the instant action, and is, therefore, applicable. See L 2019, ch 160, §16. Due to the recency of the amendment, case law is sparse. However, because the language added to the construction provision (Executive Law § 300) is nearly identical to the NYCHRL's construction provision, the NYSHRL should now be interpreted similarly to the NYCHRL. In pertinent part, the NYCHRL construction provision states as follows:

> "a. The provisions of this title shall be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York state civil and

2

human rights laws, including those laws with provisions worded comparably to provisions of this title, have been so construed.

b. Exceptions to and exemptions from the provisions of this title shall be construed narrowly in order to maximize deterrence of discriminatory conduct. Administrative Code § 8-130 (a), (b)."

The language of present-day section 8-130 (a), "the core of the [the Restoration Act]" (*Williams*, 61 AD3d at 66), was added in response to courts failing to give it the distinct treatment from similarly worded state and federal laws (see id. at 66-68)." As a result of this revision, the NYCHRL now explicitly requires an independent liberal construction analysis in all circumstances, even where state and federal civil rights laws have comparable language." *Williams*, 61 AD3d at 66. Prior to this amendment, the standards for recovering under the NYSHRL, which forbids many of the same practices as Title VII of the Civil Rights Act of 1964 (Title VII), and the A.D.A. had generally been the same as those for recovering under Title VII and the A.D.A. See *Rainer N Mittl, Opthamologist, P.C. v New York State Div. of Human Rights*, 100 NY2d 326, 330, 794 N.E.2d 660, 763 N.Y.S.2d 518 (2003). **The amendment of the NYSHRL's construction provision expressly rejects the earlier approach. The nearly identical language of the NYCHRL has been held to require "an independent liberal construction analysis"[emphasis added]**. See *Brown v N.Y. City Dept. of Educ.*, 2023 N.Y. Slip Op 30106[U], *8-9 (Sup Ct, NY County 2023). Since the amendments to the NYSHRL, it is respectfully submitted that the NYCHRL is the most applicable standard, and the case law developed under the NYCHRL would be similar to the post-amendment NYSHRL  See *Brown v N.Y. City Dept. of Educ.*, 2023 N.Y. Slip Op 30106[U], *8-9 (Sup Ct, NY County 2023).

Under the NYCHRL, the failure to engage in a good-faith interactive process is independently actionable whether or not an accommodation was, in fact, possible. *Hosking v. MSKCC*, 186 AD 3d 58, 64. (1st Dept. June 18, 2020). The NYCHRL provides that it is unlawful to refuse to engage in a cooperative dialogue within a reasonable period with a person who has requested an accommodation. Thus, the amendments to the NYSHRL should provide a similar independent claim of failing to engage in a good faith interactive process in a timely manner. Since the Complaint alleges that Defendant failed to timely engage in the interactive process, the Complaint, under the post amendment, NYSHRL states a claim for relief. Thus, the Defendant's Partial Motion to Dismiss pertaining to the NYSHRL interactive claim should be denied.

Thank you for your consideration in this matter.

Very truly yours,

STEWART LEE KARLIN

cc: Steven C. Stern. Esq and Sanjana Biswas, Esq. (via ECF)

3